# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:23-cv-215-KDB

| | | |
|---|---|---|
| JOSEPH CLAYTON JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH MCCOMAS, et al., | ) | ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of the pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

## I.     BACKGROUND

The incarcerated pro se Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 addressing the circumstances of his September 4, 2021 arrest in Cleveland County, which appears to have resulted in pending charges in Rutherford County Superior Court, Case Nos. 21CRS52721, -22, 23.[1] [Doc. 1]; see Fed. R. Ev. 201. The Plaintiff's pending Rutherford County charges include: trafficking in methamphetamine; fleeing and eluding arrest with a motor vehicle; maintaining a vehicle or dwelling for the purpose of using, keeping or selling controlled substances; resisting a public officer; and assault on a government official or employee.[2]

---

[1] The Plaintiff is presently serving a sentence of more than eight years in the North Carolina Department of Adult Corrections for offenses including possession of a weapon of mass destruction, possession of methamphetamine, and possession of a firearm by a felon, in Cleveland County Superior Court Case Nos. 22CRS50267, -268, and -269. See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0850973&searchOffenderId=0850 973&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed Oct. 30, 2023); Fed. R. Ev. 201. The Court cannot determine, at this juncture, whether the Cleveland County convictions are related to the pending Rutherford County charges that are the subject of this § 1983 action.

[2] The Court takes judicial notice of the dockets in those cases. See Fed. R. Ev. 201.

The Plaintiff names as Defendants Joseph McComas, a Rutherford County deputy sheriff, in his individual and official capacities, and the Rutherford County Sheriff's Office (RCSO). [Id. at 2]. He asserts claims for "4th Amendment right to unreasonable search and seizure [and] 8th Amendment faced undue cruel and unusual punishment." [Id. at 3].

The Plaintiff claims that Deputy McComas, who has a personal grudge against him, conducted an unjustified traffic stop of Plaintiff's motorcycle outside of his jurisdiction in Cleveland County on September 4, 2021. During the traffic stop, Defendant McComas allegedly bumped the motorcycle's back tire with his vehicle's bumper, causing the Plaintiff to lose control of the motorcycle and crash. The Plaintiff claims that McComas then threw the Plaintiff to the ground, beat and punched him, and choked him with the motorcycle helmet's strap while the Plaintiff was not resisting. [Id. at 6-8]. Further, the Plaintiff claims that RCSO "should have never allowed Joseph McComas employment" because he had been discharged from the military for "PDSD" [3] and, subsequent to the arrest, McComas began "drawing a check or has been approved to draw check from military for his PDSD." [Id. at 7].

For injury, the Plaintiff claims that he had bruises on his ribs and throat, and permanent scarring from road rash that he sustained in the crash. [Id. at 5]. He seeks damages and injunctive relief.[4] [Id. at 5].

_____

[3] According to Oxford Reference, PDSD or Prolonged Duress Stress Disorder is an "anxiety disorder resulting from prolonged exposure to stress, such as severe work-related stress or continual bullying, with symptoms similar to those of post-traumatic stress disorder (PTSD) but without any specific trauma involving actual or threatened death or serious injury, as required for a diagnosis of PTSD…. It is not listed in DSM-IV or ICD-10…" https://www.oxfordreference.com/display/10.1093/oi/authority.20110803100349219#:~:text=An%20anxiety%20disorder%20resulting%20from,for%20a%20diagnosis%20of%20PTSD (last accessed Oct. 26, 2023).

[4] The Plaintiff's requests for the termination of Deputy McComas' employment, and for an official investigation into all of the Plaintiff's charges, are beyond the purview of this § 1983 action. See generally DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1989) ("The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual."); see, e.g., Vinyard v. Wilson, 311 F.3d 1340, 1356 (11th Cir. 2002) (arrestee had no constitutional right to internal investigation of excessive force claim); Van Houten v. Gaskill,

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.  28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.     DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

---

05-3377-JAR, 2006 WL 749410 (D.Kan. March 22, 2006) ("whether to fire or demote an employee is a personnel issue beyond the jurisdiction" of the district court)..

The Plaintiff names the RCSO as a Defendant, and he purports to sue Deputy McComas in his official capacity. Suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell v. Dep't of Social Servs., 436 U.S. 658, 690 n. 55 (1978)). Monell liability under § 1983 cannot be predicated upon a respondeat superior theory. Burgess v. Goldstein, 997 F.3d 541, 562 (4th Cir. 2021). Liability arises only when the offensive acts are taken in furtherance of municipal policy or custom. Id.; see City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989) (a municipality can be liable under § 1983 only where its policies are the "moving force" behind the constitutional violation) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 326 (1981)). There are three necessary elements for Monell liability. First, the plaintiff must plausibly allege a constitutional harm that stems from the acts of a municipal employee "taken in furtherance of some municipal 'policy or custom.'" Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (quoting Monell, 436 U.S. at 694, 98 S.Ct. 2018); see also Spell v. McDaniel, 824 F.2d 1380, 1389 (4th Cir. 1987). A policy, custom or practice can exist in four ways: (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train [employees], that "manifest[s] deliberate indifference to the rights of citizens"; or (4) through a practice that is so "persistent and widespread" as to constitute a "custom or usage with the force of law." Lytle v. Doyle, 326 F.3d 463, 471 (4th Cir. 2003) (quoting Carter v. Morris, 164 F.3d 215, 218 (4th Cir. 1999)). Second, the plaintiff must allege facts showing that the policy's creation is fairly attributable to the municipality. Spell, 824 F.2d at 1389; see also Owens v. Balt. City State's Attorney's Office, 767 F.3d 379, 402 (4th Cir. 2014) ("Only if a municipality subscribes to a custom, policy, or practice can it be said to have

4

committed an independent act, the *sine qua non* of <u>Monell</u> liability."). Third, the plaintiff must allege an affirmative causal link between the "policy or custom," and the particular injury suffered by the plaintiff. <u>Spell</u>, 824 F.2d at 1389. Here, the Plaintiff has not alleged facts supporting any of the elements of a plausible <u>Monell</u> claim. Instead, his claims appear to be based on a theory of respondeat superior, which cannot support a § 1983 claim. <u>See</u> <u>Burgess</u>, 997 F.3d at 562. Accordingly, the claims against RCSO and against Defendant McComas in his official capacity are dismissed.

The Plaintiff appears to claim that Defendant McComas violated the Fourth Amendment[5] by stopping and arresting him without jurisdiction or adequate justification, and by using excessive force during the incident. These claims appear to be barred by abstention principles. The Supreme Court held in <u>Younger v. Harris</u>, 401 U.S. 37 (1971), that a federal court should not interfere with state criminal proceedings except in the most narrow and extraordinary of circumstances. <u>Id.</u> at 43-44. Under the abstention doctrine, abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the petitioner has an adequate opportunity to present the federal claims in the state proceeding. <u>Emp'rs</u> <u>Res. Mgmt. Co. v. Shannon</u>, 65 F.3d 1126, 1134 (4th Cir. 1995). Here, it appears that state criminal charges are pending against the Plaintiff in which the validity of the stop and arrest, and the alleged use of force that are at issue in this § 1983 case, will be addressed. The Plaintiff has not shown that his case presents those "most narrow and extraordinary of circumstances" that would qualify as an exception to <u>Younger</u> abstention and necessitate federal intervention. <u>See</u> <u>Gilliam v. Foster</u>, 75 F.3d 881, 903 (4th Cir. 1996). The Court will, therefore, abstain from addressing the Plaintiff's claims while state court criminal charges are pending against him. Should Plaintiff, however,

---

[5] Although the Plaintiff cites the Fourth and Eighth Amendments, he was an arrestee at the relevant time and, as such, only the Fourth Amendment governs his claims. <u>See</u> <u>Graham v. Connor</u>, 490 U.S. 386, 395 (1989).

believe that his claims are not barred by <u>Younger</u>, he may amend his Complaint, addressing why <u>Younger</u> does not apply.

Finally, it appears that the Plaintiff may be attempting to assert a claim against RCSO for negligent supervision and retention under North Carolina law. To the extent that the Plaintiff seeks relief under North Carolina law, the Court declines to exercise supplemental jurisdiction, as no federal claim has passed initial review.  See <u>Artis v. Dist. Of Columbia</u>, 583 U.S. 71, 74 (2018) (when a district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims."); 28 U.S.C. § 1367(c)(3). Accordingly, any claims that are asserted under North Carolina law are dismissed without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and it is dismissed without prejudice.

The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without further notice.

<u>**ORDER**</u>

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE** pursuant to §§ 1915(e)(2)(B)(i)-(ii) and 1915A.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 complaint form and a copy of this Order.

Signed: October 31, 2023

Kenneth D. Bell
United States District Judge

7